**THE HAHN LEGAL GROUP**[APC]
ADRIENNE R. HAHN, SBN 136569
ahahn@hahnlegalgroup.com
SUSAN N. PETERSON, SBN 171888
speterson@hahnlegalgroup.com
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
T:(310)706-3400/F:(310)706-3440

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA PALERMO<br><br>        Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO: 5:20-cv-01989 JAK (SPx)<br><br>The Hon. John A. Kronstadt<br>Magistrate Judge: Sheri Pym<br><br>**ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

TO THE UNITED STATES DISTRICT COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:

    DEFENDANT, TARGET CORPORATION (hereinafter "Defendant") hereby submits its' response to each paragraph of Plaintiff's Complaint for Damages (the "Complaint").

**ADMISSIONS AND DENIALS- GENERAL ALLEGATIONS**

    1.    Defendant presently lacks sufficient information to admit or deny the allegations of Paragraph One, and on that basis denies the allegations.

    2.    With respect to Paragraph 2, Defendant admits it is a corporation and that there is a Target store located at 20288 U.S. Highway 18, Apple Valley,

1   California 92307.

2   3.  With respect to Paragraph Three, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

4.  With respect to paragraph 4, Defendant admits that the Target store in which the alleged incident is claimed to have occurred is within the jurisdiction of the San Bernardino Superior Court. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and on that basis denies each of the remaining allegations contained therein.

5.  With respect to paragraph 5, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

6.  With respect to paragraph 6, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

## **FIRST CAUSE OF ACTION – NEGLIGENCE**
### **(Against All Defendants)**

7.  With respect to paragraph 7, Defendant refers to its responses to Plaintiff's allegations asserted in paragraphs 1 through 6, inclusive, of her Complaint, and hereby incorporates those responses by reference.

8.  Paragraph 8 contains Plaintiff's legal conclusions to which no response should be required. To the extent a response is deemed necessary,

2
ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. 5:20-cv-01989 JAK (SPx)

2

Defendant denies it breached any duty owed to Plaintiff. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and on that basis denies each of the remaining allegations contained therein.

## AFFIRMATIVE DEFENSES

In addition to the foregoing, and as separate and distinct affirmative defenses to Plaintiff's claims, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

Defendant alleges that the Complaint and each and every cause of action stated therein fails to state a cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE
## (Comparative Liability of Plaintiff)

Defendant alleges that the damages of which Plaintiff complains, if any there be, were directly and proximately caused and contributed to by the negligence of Plaintiff, thereby barring or reducing Plaintiff's recovery herein in accordance with the provisions of applicable law.

## THIRD AFFIRMATIVE DEFENSE
## (Comparative Liability of Third Party)

Defendant alleges that the damages of which Plaintiff complains, if any there be, were directly and proximately caused and contributed to by the negligence of Plaintiff and/or other persons or entities, thereby barring or reducing Plaintiff's recovery herein in accordance with the provisions of comparative negligence and other applicable law.

///

///

3
ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL
Case No. 5:20-cv-01989 JAK (SPx)

3

## FOURTH AFFIRMATIVE DEFENSE

## (Assumption of Risk)

Defendant alleges that the damages of which Plaintiff complains, if any there be, were directly and proximately caused and contributed to by a risk which Plaintiff knew the hazards of confronting and of which Plaintiff has full knowledge and appreciated the magnitude, but nevertheless voluntarily assumed, and Plaintiff is barred from recovery or Plaintiff's recovery is reduced thereby.

## FIFTH AFFIRMATIVE DEFENSE

## (Unreasonable Actions)

Defendant is informed and believes that the unauthorized and/or unreasonable actions of Plaintiff and/or other persons or entities resulted in the damages set forth in the Complaint, if any there be.

## SIXTH AFFIRMATIVE DEFENSE

## (Failure to Mitigate)

On information and belief, it is alleged that Plaintiff failed to mitigate the damages, if any, which Plaintiff has sustained, and has failed to exercise reasonable care to avoid the consequences of harm, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any damages or property damage; failed use reasonable means to prevent aggravation of any damages or property damage; failed to take reasonable precautions to reduce any damages or property damage; failed to make reasonable expenditures which could have prevented the losses alleged; and has otherwise failed to prevent the existence or extent of damages as claimed.

## SEVENTH AFFIRMATIVE DEFENSE

## (Open and Obvious)

The dangerous condition alleged by the Plaintiff in the Complaint was "open

**4**
ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. 5:20-cv-01989 JAK (SPx)

4

and obvious."

## EIGHTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Any and all events and happenings in connection with the allegations contained in the Complaint, and any resulting injuries and damages, were proximately caused and contributed to by the negligence of others; and that this Defendant's respective liability to Plaintiff, if any, is proportionate only to its respective degree of negligence in comparison to all other responsible entities, as determined by the trier of fact pursuant to "Proposition 51" and other law.

## NINTH AFFIRMATIVE DEFENSE
### (Independent and Superseding Action)

Defendant alleges that the damages, if any, which Plaintiff has sustained, were caused by the intervening acts of third parties, whether intentional or negligent, that was not reasonably foreseeable to Defendant, which acts constitute a superseding cause that's bars or reduces Plaintiff's recovery thereby.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver)

Defendant alleges that recovery under Plaintiff's causes of action, and all of them, is barred or limited by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Plaintiff's Failure to Exercise Reasonable Care)

Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for her own safety in order to avoid the alleged accident. The resulting injuries and damages, if any, sustained by Plaintiff was proximately caused and contributed to by the negligence of Plaintiff, in that among other things, to the extent there was a hazard or dangerous condition, if any, said alleged hazard

**5**
ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. 5:20-cv-01989 JAK (SPx)

or dangerous condition was caused by an act or omission of Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Notice)

Defendant alleges that it, including its agents, officers and/or employees, had no notice of the existence of any hazardous condition that allegedly existed at the time of the alleged incident, and even if such notice existed, that Defendant has no reasonable opportunity to remedy the alleged hazard, and that Plaintiff is therefore not entitled to recover in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Absence of Damages)

Defendant alleges that Plaintiff has suffered no damages as a result of any act of omission alleged in the Complaint, and that Plaintiff is entitled to no recovery thereby, and that Defendant is entitled to judgment in Defendant's favor to the extent that the existence of damages is a necessary element of Plaintiff's causes of action alleged against this answering Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Defendant alleges that recovery under Plaintiff's causes of action, and all of them, is barred or limited by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Defendant alleges that recovery under Plaintiff's causes of action, and all of them, is barred or limited by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Laches)

Defendant alleges that recovery under Plaintiff's causes of action, and all of

6
ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. 5:20-cv-01989 JAK (SPx)

6

them, is barred or limited under the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Speculative and Uncertain)

Defendant alleges that recovery under Plaintiff's causes of action, and all of them, is barred or limited because any damages alleged herein are speculative and uncertain.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Apportionment)

Defendant alleges that if Defendant is found to be at fault in this action, which Defendant denies, then the conduct, liability and/or fault of Plaintiff and/or others, whether named or unnamed, known or unknown, must be compared to determine the degree of fault, if any, among said parties, and the alleged damages sustained by Plaintiff apportioned among them, and that any damages award as to Defendant must be reduced or barred accordingly.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Civil Code § 1431 et. seq. Comparative Fault)

The liability, if any, of this answering Defendant is limited by the provisions of Civil Code §§ 1431 through 1431.5, inclusive.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Actual Knowledge)

Defendant alleges that Plaintiff had actual knowledge of the true facts surrounding the subject incident herein sufficient to have acted to protect her interests. Any damage resulting to Plaintiff as a result of the subject incident is the result of Plaintiff failure to protect her interests despite this knowledge, if any damage there be.

///

## TWENTY-FIRST AFFIRMATIVE DEFENSE

## (Reasonable Precautionary Measures)

This answering Defendant took reasonable precautionary measures to protect against the risk of injury or damage allegedly created by condition of property referred to in Plaintiff Complaint at the time and place of the alleged incident which is the subject of this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

## (Reasonable Diligence)

Any and all duties imposed on this answering Defendant, the failure of which allegedly created the condition at the time and place which is the subject of this Complaint, were exercised with reasonable diligence, and therefore, this answering Defendant is not liable to Plaintiff or the alleged injuries.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

## (Alterations of Condition)

If, in fact, any untoward, unsafe, or defective condition existed as mentioned in the Complaint, which this Defendant denies, this Defendant is informed and believes that said untoward condition was caused and contributed to by the actions or inactions of the Plaintiff and/or third parties, in that said persons or entities changed and altered said condition, thereby barring Plaintiff right to recovery against this Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

## (Adequate Warning)

Plaintiff was adequately warned of any conditions that allegedly existed at the time of the subject incident.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Defendant alleges that it may have additional affirmative defenses available

**8**
ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL
Case No. 5:20-cv-01989 JAK (SPx)

8

to it of which it is not now fully aware. Defendant reserves the right to assert additional affirmative defenses after the same have been ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by this action;
2. That judgment be rendered in favor of Defendant;
3. That Defendant be awarded its costs of suit incurred herein;
4. That Defendant be awarded its attorney's fees pursuant to law, including Civil Code § 1780(e) and/or other authorities; and
5. For such other and further relief as the Court deems just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

DATED: October 2, 2020      **THE HAHN LEGAL GROUP**$^{APC}$

By: _____
ADRIENNE R. HAHN,
Attorneys for Defendant TARGET CORPORATION

9
ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL
Case No. 5:20-cv-01989 JAK (SPx)

9

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 3.4.10.1, this answering Defendant TARGET CORPORATION, hereby demands a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: October 2, 2020　　　　　　　**THE HAHN LEGAL GROUP**[APC]

By: *Adrienne R. Hahn*
ADRIENNE R. HAHN,
Attorneys for Defendant TARGET CORPORATION

**10**
ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. 5:20-cv-01989 JAK (SPx)

10

**THE HAHN LEGAL GROUP**[APC]
ADRIENNE R. HAHN, SBN 136569
ahahn@hahnlegalgroup.com
SUSAN N. PETERSON, SBN 171888
speterson@hahnlegalgroup.com
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
T:(310)706-3400/F:(310)706-3440

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA PALERMO<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: 5:20-cv-01989 JAK (SPx)<br><br>The Hon. Judge<br>Magistrate Judge:<br><br>**CERTIFICATE OF SERVICE**<br>**[Pursuant to L.R.5-3.2.1]** |

I, Brandi Rosales, certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is 2361 Rosecrans Avenue, Suite 373, El Segundo, California 90245, which is located in the city, county and state where the mailing described below took place.

On October 2, 2020, I electronically filed and electronically served the following document pursuant to Local Rule, Rule 5-3.2.1: **ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL.**

1

Said document was served upon the following parties, via electronic email I sent to the following addressees, through their attorneys of record, as follows:

Mr. Michael Reiter
MILLIGAN, BESWICK, LEVINE & KNOX, LLP
1447 Ford St., Suite 201
Redlands, CA 92374
T: (909)798-3300/F: (909)798-3301
E-Mail: mreiter@mblklaw.org
Attorneys for Plaintiff **SHAWNA PALERMO**

Further, pursuant to Local Rule, Rule 5-3.2.1," *Service*. Upon the electronic filing of a document, a "Notice of Electronic Filing" ("NEF") will be automatically generated by the CM/ECF System and sent by e-mail to: (1) all attorneys who have appeared in the case in this Court and who have consented to receive service through the CM/ECF System, and (2) all *pro se* parties who have been granted leave to file documents electronically in the case pursuant to L.R. 5-4.1.1 or who have appeared in the case and are registered to receive service through the CM/ECF System pursuant to L.R. 5-3.2.2. Unless service is governed by F.R.Civ.P. 4 or L.R. 79-5.3, service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served.

I declare and certify under penalty of perjury that the foregoing is true and correct. Executed on October 2, 2020, at El Segundo, California.

By: *Brandi Rosales*
Brandi Rosales